UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Helena Moss,                                              Case No. 3:12cv1840

        Plaintiff

v.                                                        MEMORANDUM OPINION
                                                          AND ORDER

Mercy St. Anne Hospital,

        Defendant

Plaintiff Helena Moss, *pro se*, brings this complaint against her employer, Defendant Mercy St. Anne Hospital, for discrimination and retaliation.  Defendant now moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(1).  For the reasons that follow, Defendant's motion is granted in part and denied in part.

**STANDARD**

In deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a trial court's function is to test the legal sufficiency of the complaint.  The court shall accept the allegations stated in the complaint as true, *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), while viewing the complaint in a light most favorable to the plaintiff.  *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Jones v. City of Carlisle, Ky.*, 3 F.3d 945, 947 (6th Cir. 1993).  The court need not accept conclusions of law or unwarranted inferences cast in the form of factual allegations.  *Republic Bank & Trust Co. v. Bear Sterns & Co., Inc.*, 683 F.3d 239, 246 (6th Cir. 2012).

To survive a motion to dismiss, a complaint must include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A plaintiff must offer "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

## DISCUSSION

Plaintiff previously filed a retaliation charge with the Ohio Civil Rights Commission ("OCRC"), and also filed a complaint in the Lucas County Court of Common Pleas. The Common Pleas complaint was dismissed for lack of subject matter jurisdiction.[1] Defendant now moves to dismiss the complaint filed in this Court.

At the outset, I recognize that "[p]ro se plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings." *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999). "Allegations in a *pro se* complaint are interpreted generously, although the Court is not required to fabricate unpled allegations or, conversely, ignore the facts that have been plead. *Reddy v. JP Morgan Chase Bank, N.A.*, Nos. 2:09-cv-1152, 2:11-cv-879, 2012 U.S. Dist. LEXIS 121026, at *6-*7 (6th Cir. Aug. 27, 2012).

Plaintiff's complaint, the attachments thereto and Plaintiff's brief in opposition to Defendant's motion attempt to advance several claims. Plaintiff's complaint seeks judicial review of the OCRC's decision against her. Plaintiff, however, offers no authority enabling a federal court to review a decision of the OCRC, and I am aware of none. This claim is therefore dismissed for lack of subject matter jurisdiction.

---

[1] Defendant describes the Lucas County complaint as "identical" to the complaint now pending before me.

Plaintiff also seems to make several federal law claims.  The complaint alleges that Defendant retaliated against her by reducing her hours after she filed her OCRC charge.  Additionally, Plaintiff's opposition brief passingly references Title VII and the Age Discrimination in Employment Act ("ADEA").  Defendant moves to dismiss these federal claims on grounds that Plaintiff has failed to satisfy Fed. R. Civ. P. 8's pleading standards.  Moreover, Defendant contends that Plaintiff did not exhaust administrative remedies prior to filing suit.

Upon review, I find that Plaintiff's complaint, when construed liberally, sufficiently states a claim for retaliation.  Defendant is correct, however, that Plaintiff's passing reference to Title VII and to the ADEA fails to adequately state a claim for relief.  *See Twombly*, 550 U.S. at 555 (plaintiff must offer "more than labels and conclusions . . . .").  Yet, Defendant has moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), which is not the means by which a complaint is dismissed for failure to state a claim.  The appropriate means for such a dismissal is Fed. R. Civ. P. 12(b)(6).  Defendant's motion is therefore inapposite and will be denied on this issue.

Similarly, while Defendant is correct that Plaintiff has not demonstrated that she exhausted administrative remedies for her federal claims, Rule 12(b)(1)—which challenges the existence of subject matter jurisdiction—is not the appropriate vehicle for raising this issue.  The Sixth Circuit has made clear that a plaintiff's failure to exhaust does not deprive courts of subject matter jurisdiction.  *See Hoover v. Timken Co.*, No. 01-3905, 2002 U.S. App. LEXIS 3339, at **3-**4 (6th Cir. Feb. 26, 2002) (explaining that exhaustion requirement is condition precedent to suit but is not jurisdictional).  Dismissal for want of exhaustion is achieved pursuant to Fed. R. Civ. P. 12(b)(6). *See, e.g., Dixon v. Ohio Dep't of Rehab. & Corr.*, No. 97-4475, 1999 WL 282689, at *1 (6th Cir. Apr. 28, 1999) (affirming 12(b)(6) dismissal of plaintiff's Title VII claim for failure to allege he received right to sue letter).  Thus, Defendant's Rule 12(b)(1) motion to dismiss will be denied on the issue of exhaustion.

Notwithstanding my partial denial of Defendant's motion, I will, contemporaneously with this order, issue an order requiring Plaintiff to show cause why her Title VII and ADEA claims should not be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. The order will likewise require Plaintiff to show cause why *all* of her federal claims should not be dismissed pursuant to Rule 12(b)(6) for failure to exhaust administrative remedies. *See Tingler v. Marshall*, 716 F.2d 1109 (6th Cir. 1983), *overruled by statute on other grounds* (outlining process by which district court may *sua sponte* dismiss complaint pursuant to Fed. R. Civ. P. 12(b)(6)); *see also Catz v. Chalker*, 142 F.3d 279, 286 (6th Cir. 1998) (citing *United Bhd. of Carpenters and Joiners of Am. v. Ohio*, 926 F.2d 550, 552, 557-58 (6th Cir. 1991)) ("Tingler requires the district court to give unambiguous notice of its own motion to dismiss, and to notify the parties of a reasonable date by which they must respond.").

Additionally, inasmuch as Plaintiff is advancing a retaliation claim under state law—this is unclear from her complaint—Defendant's motion to dismiss will be denied, but Plaintiff will again be ordered to show cause why I should continue to exercise supplemental jurisdiction over her state law claim in the event that I dismiss her federal law claims. *See* 28 U.S.C. § 1367(c)(3) (district court may decline to exercise supplemental jurisdiction when claims supporting original jurisdiction are dismissed); s*ee also Musson Theatrical, Inc. v. Federal Express Corp.*, 89 F.3d 1244, 1255 (6th Cir. 1996) ("When all federal law claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims . . . .").

## Conclusion

For the reasons stated herein, Defendant's motion to dismiss is granted in part and denied in part. Doc. 12.

So Ordered.

s/Jeffrey J. Helmick
United States District Judge
