UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Helena Moss,                                         Case No. 3:12cv1840

          Plaintiff

     v.                                            MEMORANDUM OPINION
                                              AND ORDER

Mercy St. Anne Hospital,

          Defendant

       Plaintiff Helena Moss, *pro se*, brought a complaint against her employer, Defendant Mercy St. Anne Hospital, for discrimination and retaliation. Still pending are Plaintiff's federal law claims for Title VII discrimination, ADEA discrimination, and retaliation. Also pending is a potential Ohio state law claim for retaliation.

       I previously ordered Plaintiff to show cause why I should not dismiss her federal law claims pursuant to Fed. R. Civ. P. 12(b)(6), and why I should continue to exercise supplemental jurisdiction over her state law retaliation claim in the event that I dismiss the federal claims. (Doc. No. 18). Plaintiff has responded, (Doc. No. 19), and Defendant has replied. (Doc. No. 20). For the reasons that follow, Plaintiff's federal claims are dismissed, and I decline to exercise supplemental jurisdiction over her state law claim.

### DISCUSSION

       First, Plaintiff's Title VII and ADEA claims will be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. Plaintiff's Title VII and ADEA allegations first appear in her

opposition to Defendant's Motion to dismiss, wherein Plaintiff passingly references Title VII and the ADEA. Plaintiff's brief in response to the instant order to show cause also offers limited factual allegations regarding age discrimination. Yet, Plaintiff's complaint is devoid of any Title VII or ADEA allegations, and Plaintiff is not permitted to amend her complaint via briefs in opposition to a motion to dismiss. *See Tretola v. Tretola*, No. 2:13-cv-358, 2013 WL 3147958, at *2 n.1 (S.D. Ohio June 19, 2013) (relying on *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984) ("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.")). As such, Plaintiff's complaint fails to state claims for Title VII and ADEA discrimination, and these claims must therefore be dismissed.

Second, Plaintiff's retaliation claim will be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to exhaust administrative remedies. Plaintiff was required to exhaust administrative remedies prior to bringing suit by filing a retaliation charge with, and receiving a right to sue letter from, the EEOC or OCRC. *See Scott v. Eastman Chem. Co.*, No. 05-6079, 275 F. App'x 470-71 (6th Cir. 2008) (exhaustion required prior to Title VII and retaliation lawsuit). Plaintiff's complaint attaches a retaliation charge that she filed with the OCRC on August 17, 2011, but she has not produced a right to sue letter and has not made any assertion in her complaint or in her briefs that she received a right to sue letter. Accordingly, Plaintiff's retaliation claim will be dismissed for failure to exhaust administrative remedies. *See Dixon v. Ohio Dep't of Rehab. & Corr.*, No. 97-4475, 1999 WL 282689, at *1 (6th Cir. Apr. 28, 1999) (affirming 12(b)(6) dismissal of Title VII claim for failure to allege receipt of right to sue letter).

Finally, to the extent Plaintiff is asserting an Ohio state law claim for retaliation—this is not clear from her complaint—I decline to exercise supplemental jurisdiction over the claim. A district court may decline to exercise supplemental jurisdiction over state law claims when the claims supporting original jurisdiction are dismissed. 28 U.S.C. § 1367(c)(3). Moreover, the Sixth Circuit

has held that "[w]hen all federal law claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims . . . ." *Musson Theatrical, Inc. v. Federal Express Corp.*, 89 F.3d 1244, 1255 (6th Cir. 1996). Such is the case here, where the nature of the federal claims' dismissal (Rule 12(b)(6)), and the early stage at which dismissal is occurring counsels against exercising supplemental jurisdiction. *See id.* (citations omitted) (Rule 12(b)(6) dismissal creates "strong presumption" against exercising supplemental jurisdiction that must be overcome by "unusual circumstances").

## CONCLUSION

For the reasons stated herein, Plaintiff's federal law claims are dismissed pursuant to Fed. R. Civ. P. 12(b)(6), and I decline to exercise supplemental jurisdiction over Plaintiff's state law claims, if any. This case is closed.

So Ordered.

                                                            s/Jeffrey J. Helmick
                                                            United States District Judge